■ ERIC T. SCHNEIDERMAN et al., Appellants-Respondents, v MUJAHID PERVEZ et al., Defendants, and NADIA PERVEZ et al., Respondents-Appellants. [1 NYS3d 79]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 22, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion pursuant to CPLR 1317 to confirm an ex parte order of attachment with respect to a specified parcel of real property and the residence located thereon, and granted noncriminal defendants' cross motion pursuant to CPLR 1312 (4) for an order vacating or modifying the court's prior order granting provisional remedies against them to the extent that it permitted the release of restrained funds in the aggregate amount of $32,500 for the payment of attorneys' fees, unanimously reversed, on the law, without costs, the motion to confirm the ex parte order of attachment with respect to the specified property granted, and the cross motion denied.

Plaintiffs established, through their detailed affidavits and supporting documentation, that there is a substantial probability that they will prevail on the issue of forfeiture against the noncriminal defendants, that the failure to enter the order may result in the property being unavailable for forfeiture at the end of the case and that the need to preserve the property outweighs the hardship on any affected party (*see* CPLR 1312 [3]; 1318 [1]). We need not determine whether criminal defendant Mujahid Pervez a/k/a Peter Pervez (Pervez) was the actual owner of the real property located at 208 Bagatelle Road notwithstanding the fact that the deed for the property indicates that it was purchased in 1997 by Pervez's then 19-year-old

daughter, noncriminal defendant Nadia Pervez (Nadia), since plaintiffs have sufficiently demonstrated that there is a substantial probability that the subject property may be subject to forfeiture as the "substituted proceeds of a crime" (see CPLR 1310 [3]; CPLR 1311).

Plaintiffs' submissions demonstrate that significant amounts of money, which were unlawfully and fraudulently obtained from New York State's Medicaid program by Pervez and the three criminal defendant pharmacies, were transferred to bank accounts owned by Nadia, and then used to pay the mortgage on 208 Bagatelle Road. While noncriminal defendants claim that at least a portion of these transfers constituted legitimate rent payments from Pervez, the evidence does not establish that the criminal defendant pharmacies, located in the Bronx, had any legitimate business purpose for renting a residential property on Long Island. Moreover, the record shows that the amounts directed to noncriminal defendants by the criminal defendant pharmacies frequently exceeded the purported monthly rent obligation, without any fair consideration being given by the noncriminal defendants in exchange, thus creating the presumption that noncriminal defendants knew that such payments were the proceeds of a crime (see CPLR 1311 [3] [c] [i]). In addition, Nadia's knowledge may be presumed under CPLR 1311 (3) (c) (iv), since the record strongly supports the conclusion that she participated in or was aware of the criminal defendants' scheme to conceal or disguise the manner in which she obtained her interest in the funds.

Plaintiffs demonstrate that the failure to enter the order of attachment "may" result in the subject property being unavailable for forfeiture, given the extensive commingling of the noncriminal defendants and the criminal defendants' assets, criminal defendant Pervez's use of the noncriminal defendants' bank accounts to conceal his assets, and Pervez's ultimate flight to Pakistan.

Contrary to the motion court's conclusion, CPLR article 13-A's five-year statute of limitations does not restrict plaintiffs' ability to attach the real property located at 208 Bagatelle Road solely because the property was initially purchased in Nadia's name in 1997. There is ample evidence demonstrating that Nadia and her husband, noncriminal defendant Mohammad Bilal, took out a new mortgage on the property in 2010, and thereafter used funds directed to their bank accounts by the criminal defendants to make payments on the mortgage.

The motion court erred in granting noncriminal defendants' cross motion pursuant to CPLR 1312 (4) to the extent that it

authorized the release of restrained funds in specified amounts for the payment of attorneys' fees, since the court expressly found that the noncriminal defendants failed to establish the unavailability of other unrestrained assets to pay those expenses, a prerequisite to obtaining relief pursuant to CPLR 1312 (4) (*see Morgenthau v Western Express Intl., Inc.*, 83 AD3d 521 [1st Dept 2011]). Moreover, CPLR 1312 (4) does not authorize the court to excuse defendants from providing an affidavit establishing the unavailability of other assets in subsequent motions for the release of restrained funds for attorneys' fees, since a showing of necessity is the linchpin of a motion pursuant to CPLR 1312 (4).

We have considered the noncriminal defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.